**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 4:19-cv-10211-JLK/Becerra

TREASURE CAY CONDOMINIUM ASSOCIATION,
INC. A/K/A TREASURE CAY CONDO ASSOC INC.,

    Plaintiff,

v.

FRONTLINE INSURANCE UNLIMITED COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION[1] ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND BILL OF COSTS**

**THIS CAUSE** came before the Court on Plaintiff Treasure Cay Condominium Association, Inc.'s ("Plaintiff" or "Treasure Cay") Motion for Attorney's Fees and Costs ("Motion for Fees"). ECF No. [96]. Defendant Frontline Insurance Unlimited Company ("Defendant" or "Frontline") filed a Response, ECF No. [97], and Plaintiff filed its Reply, ECF No. [99]. Additionally, Plaintiff filed a Bill of Costs. ECF No. [91]. Defendant filed a Response, ECF No. [94], and Plaintiff filed a Reply, ECF No. [95]. The Parties appeared before the undersigned for oral argument on November 4, 2022 (the "Hearing"). ECF No. [102]. After due consideration of the Motion for Fees and the Bill of Costs, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **RECOMMENDED** that Plaintiff's Motion for Fees, ECF No. [96], and Bill of Costs, ECF No. [91], be **GRANTED IN PART AND DENIED IN PART**, as discussed further below.

---

[1] The instant Motion for Fees and Bill of Costs were referred to the undersigned by the Honorable James Lawrence King, United States District Judge. ECF Nos. [92], [98].

1

### I. BACKGROUND AND INSTANT MOTION

This action arises from a dispute concerning an insurance claim following Hurricane Irma. *See generally* ECF No. [1]. Plaintiff filed its Complaint in Florida state court, and Defendant removed the action to this Court on the basis of diversity jurisdiction. *See id.* In support thereof, Defendant attached the Declaration of its Vice President of Risk Management, stating that Defendant Frontline is a citizen of Illinois. *See* ECF No. [1-1]. However, when Defendant filed its Answer and Affirmative Defenses, it admitted that its principal place of business was in Florida. *See* ECF Nos. [1-6] ¶ 4; [3] ¶ 4. During the pendency of the action before this Court, neither party recognized this discrepancy, and no motion to remand was made.

The Parties filed cross-motions for summary judgment. ECF Nos. [49], [52]. This Court entered an order granting Defendant's motion and entered a final judgment in favor of Defendant. ECF Nos. [71], [72]. Plaintiff appealed. ECF No. [74].

On appeal, the Eleventh Circuit, recognizing the discrepancy in the information Defendant submitted concerning its citizenship, asked the Parties "to be prepared to discuss at oral argument whether the Court has subject matter jurisdiction over this action in light of Frontline Insurance Unlimited Company's admission that its principal place of business is in Lake Mary, Florida." ECF No. [96-1] at 2 (emphasis removed). After that prompting, the Parties agreed that this Court did not have jurisdiction over the matter and filed a joint motion to dismiss. *See* ECF No. [84]. The Eleventh Circuit granted the motion and remanded with instructions for this Court to vacate its order and remand to state court. *Id.* The District Court vacated its prior summary judgment order and remanded the case back to state court. ECF No. [85].

In the instant Motion for Fees and Bill of Costs, Plaintiff argues that it is entitled to attorneys' fees and costs because it is the prevailing party in this action due to improper removal.

*See generally* ECF Nos. [91], [96]. Plaintiff sets forth two alternative bases for its entitlement to attorneys' fees. ECF No. [96] at 3–9.

First, Plaintiff contends it is entitled to attorneys' fees and costs, pursuant to Florida Statute Section 626.9373, because "Florida law provides that where an insured prevails against his or her insurer, 'the trial court . . . *shall* adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.'" *Id.* at 3 (quoting FLA. STAT. § 626.9373 (emphasis added)). Plaintiff contends that the provision applies regardless of whether the insured prevails on the merits. *Id.* at 3–4. Plaintiff cites to a variety of cases in support of its position. *See id.* at 3–7. Specifically, Plaintiff relies on *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962 (11th Cir. 2008), where "the district court dismissed a declaratory judgment action in favor of an insured for failure to satisfy the jurisdictional amount in controversy, and then awarded fees to the insured under Section 627.428." *Id.* at 4 (citing *Prime*, 270 F. App'x at 963). Although the insurer argued that the insured had to prevail on the merits in order to recover fees, the Eleventh Circuit rejected that argument, finding that the statute, by its own terms, "does not require an insured party to succeed on the merits of a case in order to recover attorney's fees.'" *Id.* (quoting *Prime*, 270 F. App'x at 963).[2] Additionally, Plaintiff contends that

---

[2] Plaintiff also cites to a number of district court opinions to support the proposition that the dismissal is sufficient to trigger the entitlement to fees under Florida law: *Endurance Assurance Corp. v. Zoghbi*, No. 18-cv-23960, 2020 WL 8258331, at *2 (S.D. Fla. July 7, 2020) (finding that dismissal of the insurer's claim on procedural grounds satisfied the judgment requirement under Section 627.428 such that the insured was entitled to fees), *report and recommendation adopted*, No. 18-cv-23960, 2021 WL 229977, at *1 (S.D. Fla. Jan. 22, 2021); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. F. Vicino Drywall II, Inc.*, No. 10-cv-60273, 2011 WL 13214289, at *1 (S.D. Fla. Aug. 22, 2011) (hereinafter, "*National Union Fire Insurance*"), *report and recommendation adopted*, No. 10-cv-60273, 2011 WL 13214290 (S.D. Fla. Sept. 13, 2011)); *GEICO Gen. Ins. Co. v. Gould*, No. 8:12-cv-01066, 2014 WL 12617796, at *3 (M.D. Fla. Oct. 20, 2014); *Travelers Home & Marine Ins. Co. v. Calhoun*, No. 13-cv-00251, 2014 WL 1328968, at *6–7 (M.D. Fla.

the fact that the merits of the action will eventually be adjudicated in state court "does not eliminate entitlement to fees under Section 626.9373." *Id.* (citing *Capitol Specialty Ins. Corp. v. Ortiz*, No. 17-cv-23329, 2019 WL 383868, at *3 (S.D. Fla. Jan. 15, 2019) (hereinafter "*Capitol Specialty Insurance*"), *report and recommendation adopted sub nom. Capitol Specialty Ins. Corp. v. Ortiz by & Through Corona*, No. 17-cv-23329, 2019 WL 367916, at *1 (S.D. Fla. Jan. 30, 2019)).

Second, Plaintiff contends that it is also entitled to attorneys' fees and costs pursuant to 28 U.S.C. § 1447. *Id.* at 8–9. The federal statute allows for the recovery of attorneys' fees and costs where the removal lacked an "objectively reasonable basis." *Id.* at 8 (citing *Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010); *Devine v. Prison Health Servs., Inc.*, 212 F. App'x 890 (11th Cir. 2006)). Plaintiff argues that Defendant Frontline's removal of this action to federal court was not "objectively reasonable" where it alleged it was a citizen of Illinois to remove the case, and then admitted in its Answer and Affirmative Defenses that its principal place of business was in Lake Mary, Florida. *Id.*

In its Response, Defendant first contends that "Treasure Cay is not entitled to attorneys' fees and costs per Florida Statute § 626.9373 because it is not the prevailing party, pursuant to a judgment or decree, as required by the statute" but "[r]ather, Treasure Cay's appeal of this Court's final judgment was dismissed and this case remanded to the state court for resolution by a joint motion of the parties." ECF No. [97] at 1. Defendant argues that "the only judgment was in favor of Frontline, though it has since been vacated at the joint request of the parties." *Id.* at 4. According to Defendant, the cases cited by Plaintiff are distinguishable, because each awarded attorneys' fees where the case was dismissed outright, resulting in one party prevailing. *See id.* at

---

Apr. 2, 2014); *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163 (Fla. 4th DCA 2004); *State Farm Mut. Auto Ins. Co. v. Coker*, 505 F. App'x 824, 827 n.1 (11th Cir. 2013).

4–6. Specifically, "Treasure Cay has not cited any case wherein a remand to state court for lack of subject matter jurisdiction afforded attorneys' fees under Fla. Stat. §626.9373" but rather "[t]he only cases cited by Treasure Cay all state that the insured is entitled to attorneys' fees when the case was dismissed." *Id.* at 5. Defendant notes that the instant action is distinguishable because there was *not* any judgment or decree and "[t]he parties have been placed in the same position as when the case was filed in state court." *Id.* at 6. In response to Plaintiff's contention that Treasure Cay conferred a benefit as a result of the dismissal of the appeal, Frontline responds that "Treasure Cay did not receive any benefit because the parties are restored to their original positions and Treasure Cay has yet to receive the benefit of appraisal." *Id.* at 7.

Second, as to Plaintiff's claim that it is entitled to fees under Section 1447, Defendant responds that attorneys' fees are not warranted for improper removal because Defendant's removal of the case was in good faith and was not objectively unreasonable. *See id.* at 8–11. Specifically, Defendant contends that it "did not speculate as to its place of incorporation" but rather "presented evidence via an affidavit and the corporate information filed with the State of Florida in its Notice of Removal[.]" *Id.* at 10. Defendant argues that Frontline's removal was objectively reasonable because "Frontline always admitted it was incorporated in Illinois with its princip[al] address and princip[al] headquarters in Illinois" and "also always admitted it had some officers and an administrative office in Florida" such that the removal was objectively reasonable because "Frontline did not try to hide these facts and Treasure Cay never felt these facts were a basis for challenging jurisdiction." *Id.* at 11. According to Defendant, the fact that Plaintiff "never challenged the removal and advised the Eleventh Circuit it had jurisdiction" when it filed and

5

prosecuted its appeal signifies that "neither party acted in bad faith and both parties believed there was diversity jurisdiction." *Id.*

Finally, Defendant argues that if the Court finds that Plaintiff is entitled to fees pursuant to Section 1447(c), Plaintiff "should only be awarded the additional fees it incurred to litigate in Federal Court." *Id.* at 12. According to Defendant, "[c]ourts have interpreted the 'incurred as a result' language to include expenses 'caused by' the improper removal, including those expenses incurred in remanding the case and 'the necessary expenses of being in the second judicial system.'" *Id.* at 13 (citing *Building Materials Corp. of Am. v. Henkel Corp.*, No. 15-cv-00548, 2018 U.S. Dist. LEXIS 28216, at *12 (hereinafter, "*Henkel Corp.*")). Here, Defendant argues, Plaintiff did not challenge removal, and "also argued there was diversity jurisdiction when it filed its appeal and initial brief in the Eleventh Circuit[,]" and "the parties agreed to the dismissal of . . . Treasure Cay's appeal and remand of the case to state court" so "[a]t most, Treasure Cay would be entitled to fees incurred regarding the joint stipulation for dismissal and removal." *Id.* at 14. Finally, Defendant contends that most of Plaintiff's "fees were incurred performing work that would have been necessary had the parties litigated in state court, rather than federal court[,]" including fees related to discovery. *Id.*

In its Reply, Plaintiff maintains that it is entitled to fees pursuant to both Fla. Stat. § 626.9373 and 28 U.S.C. § 1447. *See generally* ECF No. [99]. First, Plaintiff contends that "[t]he Eleventh Circuit has taken a broad view of the 'judgment or decree' requirement set forth in Fla. Stat. § 626.9373." *Id.* at 2. Plaintiff maintains that "[t]he Eleventh Circuit's Order and this District Court's Order constitute decrees for purposes of the fee-shifting statute and both were entered in Treasure Cay's favor." *Id.* at 3. Plaintiff argues that it is irrelevant that a state proceeding is also

6

pending, as that proceeding has no impact on entitlement to fees in federal court. *Id.* at 4. Also, Plaintiff maintains that it is entitled to fees under Section 1447(c). *Id.* at 8.

## II. ANALYSIS

The request for attorneys' fees here is premised on two different statutory bases: Florida Statute § 626.9373 and 28 U.S.C. § 1447(c). For the reasons noted below, Plaintiff is entitled to attorneys' fees and costs that concern the remand.

### A. Plaintiff Is Not Entitled to Attorneys' Fees Pursuant to Florida Statute § 626.9373.

Florida Statute § 626.9373 allows an insured to recover attorneys' fees against a surplus lines insurer upon the rendition of a judgment or decree; specifically:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

§ 626.9373, FLA. STAT.; *see also Capitol Specialty Insurance*, 2019 WL 383868, at *2. If "a suit fits within § 626.9373, the entry of an award of attorneys' fees is mandatory and non-discretionary." *Capitol Specialty Insurance*, 2019 WL 383868, at *4.

In support of its argument that it is entitled to attorneys' fees pursuant to Fla. Stat. § 626.9373, Plaintiff cites to various cases where a dismissal for lack of subject matter jurisdiction was sufficient to entitle a party to attorneys' fees. To be sure, a final decision on the merits of the claim is not necessary for the state statute's provisions to apply. In *Prime Insurance Syndicate, Inc. v. Soil Tech Distributors, Inc.*, a case upon which Plaintiff heavily relies, the insurance company sought a declaratory judgment concerning a policy it had issued. *Prime*, 270 F. App'x

7

at 963.  The insured moved for summary judgment, arguing that there was no federal jurisdiction due to an insufficient amount in controversy.  *Id.*  The District Court dismissed the matter for lack of subject matter jurisdiction and awarded attorneys' fees to the insured under Fla. Stat. § 627.428(1).[3]  *Id.*  Although the insurer argued that the prevailing party must succeed on the merits in order to recover fees, the Eleventh Circuit rejected that argument, noting that "[b]y its very terms, the statute does not require an insured party to succeed on the merits of a case in order to recover attorney's fees" and Florida courts have granted attorneys' fees even where the party seeking fees did not prevail "on the merits."  *Id.* at 963–64.

      Plaintiff also cites to two cases which resulted in dismissals *without prejudice*, arguing that such a scenario is similar to the facts here, where there has been no definitive relief, since in those cases the parties could amend or re-file their complaints.  Specifically, in *National Union Fire Insurance*, the court granted the insured's motion to dismiss for lack of subject matter jurisdiction, without prejudice to the insurance company filing an amended complaint.  2011 WL 13214289, at *1.  There, the court rejected the insurance company's argument that attorneys' fees were not proper given that the dismissal was without prejudice, noting that the statute "provides that entry of *any* 'judgment or decree' against an insurer, in favor of an insured, entitles the insured to recover its attorneys['] fees" and the dismissal order "certainly qualifies as such a judgment or decree[.]" *Id.* at *2 (quoting § 627.428(1), FLA. STAT.) (emphasis in original).  Similarly, in *Capitol Specialty Insurance*, the court applied the "same reasoning" where "[t]he procedural posture of th[e] case [wa]s the mirror image of *National Union Fire* . . . because both dismissal orders allowed for the

---

[3] As Plaintiff correctly notes, Sections 627.428 and 626.9373 are "nearly identical."  ECF No. [96] (quoting *Arvat Corp. v. Scottsdale Ins. Co.*, No. 14-cv-22774, 2016 WL 5795122, at *2 (S.D. Fla. Sept. 12, 2016), *report and recommendation adopted*, No. 14-cv-22774, 2016 WL 5661633 (S.D. Fla. Sept. 30, 2016)).  Indeed, "courts apply the two fee provisions in the same way." *Id.* (quoting *Capitol Specialty Insurance,* 2019 WL 383868, at *3).

possibility of an amended complaint" and "[t]he only difference" was whether the plaintiff had to "refile an amended complaint in a *separate* action" or "an amended complaint in the *same* action." 2019 WL 383868, at *4. Even though the dismissals in these cases were not adjudications on the merits, they were nevertheless a "judgment or decree" for which there were prevailing parties, entitling those prevailing parties to their attorneys' fees and costs under the state statute.

There is no dispute that, as the cases cited by Plaintiff demonstrate, Fla. Stat. § 626.9373 does not require that there be a judgment *on the merits*. Here, however, there is *no* judgment or decree on the merits or otherwise given that the Parties agreed to dismiss their appeal, resulting in the remand due to the Parties' agreement that the Court had no jurisdiction. Plaintiff acknowledges that it is unaware of any case where a party was entitled to attorneys' fees based on an agreed-upon dismissal, as opposed to a decision of a court.

The Court declines to find that the state statute applies under these circumstances because, as noted below, the federal law clearly does. Indeed, even if the state statute did apply, a finding that Plaintiff was entitled to attorneys' fees and costs associated with the prosecution of the merits in this Court would not be reasonable as that work will, in great part, be used to prosecute the case in state court. If Plaintiff prevails in state court, it will be entitled to those attorneys' fees and costs. If Plaintiff does not prevail, awarding those attorneys' fees and costs now would lead to windfall for Plaintiff, in that it will be awarded its attorneys' fees and costs for work associated with a litigation in which it did not prevail. In short, if the state statute applies, the amount of attorneys' fees and cost that would be reasonable should not include work that the Parties will use in the prosecution of the state action. Any other reading would give Plaintiff its attorneys' fees and costs for the litigation of a case that it might lose on the merits. Given that the federal statute clearly applies, the Court declines to find that the state statute applies to this unique situation.

### B. Plaintiff Is Entitled to the Payment of Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Rae v. Perry*, 392 F. App'x 753, 754–55 (11th Cir. 2010) (citing 28 U.S.C. § 1447(c)). Moreover, a "court has discretion to award attorneys' fees under § 1447(c) 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* at 755 (quoting *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005)). "A finding of bad faith is not required for an award of fees." *Henkel Corp.*, 2017 U.S. Dist. LEXIS 152111, at *10 (citing *Grant v. Rotolante*, No. 13-cv-00168, 2013 WL 2155076, at *6 (M.D. Fla. May 17, 2013)). The Supreme Court has instructed that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin,* 546 U.S. at 141). This "reasonableness standard was ultimately the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Id.* (quoting *Martin,* 546 U.S. at 140). However, this standard "does not require a showing that the defendant's position was 'frivolous, unreasonable, or without foundation.'" *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin*, 546 U.S. at 138–39).

Plaintiff is entitled to attorneys' fees under 28 U.S.C. § 1447(c). Defendant concedes it committed error, albeit an "inadvertent[]" one, in removing this case to federal court. *See* ECF No. [97] at 12, 17. To be sure, the removal of this case is the result of Defendant's own

carelessness. Whether intentional or not, Defendant removed this case based on its misunderstanding of its own citizenship. Defendant seeks to portray its mistake as a newfound understanding based on "the Eleventh Circuit's recent decisions[.]". *Id.* at 11. But the controlling Supreme Court precedent concerning a party's principal place of business, *Hertz Corp. v. Friend, et. al*, 559 U.S. 77 (2009), has been in place for over thirteen years, and a misunderstanding based on Defendant's failure to sufficiently investigate its own facts concerning jurisdiction is objectively unreasonable. To be sure, "[r]emoval is not objectively unreasonable simply because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Meyer v. Health Mgmt. Assocs., Inc.*, 841 F. Supp. 2d 1262, 1273 (S.D. Fla. 2012) (citation omitted). Indeed, even where there is "adverse district court precedent" concerning the legal basis for removal, a party's attempt at removal is not automatically "objectively unreasonable." *See MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021). But here, the removal was not just unfounded because of contrary law, but because Defendant made a careless factual misrepresentation, which the undersigned finds notable. *See id.* ("Here, MSP does not accuse the insurance companies of factual misrepresentations, making frivolous legal arguments, or anything similar that might have rendered their removals objectively unreasonable.").

Other courts have found that attorneys' fees are warranted in similar factual scenarios. For instance, in *Henkel Corp.*, a case relied on by Plaintiff, the court found that the plaintiff was entitled to attorneys' fees where the "[d]efendant lacked an objectively reasonable basis when it removed this case after failing to investigate and determine its state of incorporation." 2017 U.S. Dist. LEXIS 152111, *10–11 (citing *Dimitrijevic v. TV & C GP Holding Inc.*, No. 04-cv-03457, 2005 WL 2656256, at *3 (S.D. Tex. Oct. 18, 2005)). The court considered that it is a defendant's burden

11

to demonstrate federal jurisdiction, and that the rules of citizenship are "well established[.]" *Id.* at 11. The court found there was not an objectively reasonable basis for removal, and indeed such removal was careless, where the "[d]efendant's sole explanation for removing this case [wa]s that it 'inadvertently overlooked' its own state of incorporation and 'considered only the principal place of business[.]'" *Id.*

Like in *Henkel Corp.*, Frontline inadvertently or carelessly asserted an incorrect principal place of business as justification for its removal, which has caused Treasure Cay to endure "needless litigation costs" and has "frustrated judicial economy." *Id.* (quoting *Gardner v. Allstate Indem. Co.*, 147 F. Supp. 2d 1257, 1265 (M.D. Ala. 2001)). Treasure Cay is therefore entitled to attorneys' fees, not for punitive purposes, but to "reimburse[] Plaintiff[] for unnecessarily incurred expenses caused by Defendant's wrongful removal." *Id.* (citing *Fettner v. Reed*, No. 16-cv-81118, 2016 WL 4035006, at *4 (S.D. Fla. July 28, 2016)).

Defendant stresses that removal is not objectively unreasonable simply because the removal was unsuccessful. ECF No. [97] at 10. While Defendant does not attempt to distinguish *Henkel Corp.*, which though not binding on this Court, is persuasive, Defendant does seek to distinguish the instant case from other cases where the Eleventh Circuit has affirmed the awarding of fees. Defendant cites to *Devine v Prison Health Servs., Inc.*, 212 F. App'x 890 (11th Cir. 2006), where the Eleventh Circuit affirmed the "district court['s] determin[ation] that the removal in th[at] case was not objectively reasonable because there was no basis for federal jurisdiction on the face of the complaint" and thus affirmed the award of fees. *Devine*, 212 Fed. App'x at 892; *see* ECF No. [97] at 10. Defendant also cites to *Rae v Perry*, 392 F. App'x 753 (11th Cir. 2006), where the Eleventh Circuit affirmed a finding that the plaintiff's removal lacked an objectively reasonable basis where the plaintiff failed to present evidence that the amount in controversy exceeded

12

$75,000.00 and the claimed amount was based on speculation. *See* ECF No. [97] at 10; *Rae*, 392 F. App'x at 755–56. Defendant seeks to distinguish *Rae* from this case by arguing that Frontline did not speculate as to its place of incorporation, as the plaintiff in *Rae* speculated to the amount in controversy, but rather presented evidence in its affidavit and Notice of Removal. But the fact that Defendant included assertions of its principal place of business *that were wrong*, and that it easily could have determined were wrong with some diligence, is more similar to a speculated controversy amount. Indeed, "the removing party bears the burden of demonstrating federal jurisdiction. *Rae*, 392 F. App'x at 755 (citation omitted).

Because Defendant bears the burden, its arguments that Treasure Cay never challenged removal/jurisdiction based on the facts of the case does not excuse Defendant's failure to properly assert its own citizenship. *See Henkel Corp.*, 2017 U.S. Dist. LEXIS 152111, at *12 ("Though Plaintiffs could have—and should have—moved to remand this case themselves, the Court cannot excuse Defendant's failure to investigate and properly assert its own citizenship.").[4] Likewise, Defendant's arguments that Frontline did not hide facts concerning its principal place of business are unpersuasive, as bad faith is not a requirement for awarding fees. *See id.* at *10 (citation omitted).

---

[4] Ultimately, the granting of attorneys' fees pursuant to Section 1447(c) is discretionary, and courts may consider a plaintiff's failure to seek remand when evaluating whether attorneys' fees are warranted in a particular circumstance. *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 752 F. App'x 902, 905 (11th Cir. 2018) ("Thermoset's failure to seek remand and filing of a complaint with improper citizenship allegations are proper grounds for denying Thermoset's request for attorney's fees."); *Martin*, 546 U.S. at 141 ("In applying this [objectively reasonable standard], district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case . . . [In exercising] its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).") (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994)).

13

The Court finds that Defendant's inconsistency as to its own principal place of business warrants the granting of attorneys' fees and costs. This is not the case, as those that were cited by Defendant, where the party makes an argument in good faith that a court later finds insufficient. Instead, Defendant made two different representations about a fact that was uniquely in its possession: its place of business. Fees concerning any work that resulted in federal court, that would not have been necessary had the matter proceeded in state court, should not be borne by Plaintiff, they should be borne by Defendant.

### C. The Amount of Attorneys' Fees and Costs Sought by Plaintiff is Not Reasonable.

Given the Court's recommendation as to Plaintiff's entitlement to fees, the undersigned turns to the issue of the reasonableness of fees. A reasonable attorney's fee is calculated "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). This is referred to as the "lodestar" method. *See id.* (quoting *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006)); *see also Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009) (affirming the district court's fee award where it determined the reasonableness of fees ordered under Federal Rule of Civil Procedure 37 by "using the lodestar method, multiplying [] counsel's reasonable hours by a reasonable hourly rate."). In evaluating the reasonableness of the number of claimed hours worked, the "Court may [] rely on its own experience." *Nelson v. Wal-Mart Stores, Inc.*, No. 07-cv-60881, 2007 WL 4482259, at *1 (S.D. Fla. Dec. 18, 2007) (citing *Fischer v. Sysco Food Servs. of Cent. Ala.,* No. 05-cv-763, 2006 WL 2480166, *1 (M.D. Ala. Aug. 28, 2006)). Moreover, "there is a strong presumption that this lodestar will produce a reasonable attorney's fee." *Johnston*

*v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

The entitlement to attorneys' fees pursuant to Section 1447(c) directs that Defendant be liable for Plaintiff's "just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). "Courts have interpreted the 'incurred as a result' language to include expenses 'caused by' the improper removal, including those expenses incurred in remanding the case and 'the necessary expenses of being in the second judicial system.'" *Henkel Corp.*, 2017 U.S. Dist. LEXIS 152111, at *12 (quoting *Shooter Const. Co., Inc. v. Wells Fargo Ins. Services USA, Inc.*, No. 11-cv-00181, 2011 WL 6339680, at *2 (S.D. Ohio Nov. 28, 2011), *report and recommendation adopted sub nom. Shooter Const. Co., Inc. v. Accordia of Ohio, LLC*, No. 11-cv-00181, 2011 WL 6370061, at *1 (S.D. Ohio Dec. 19, 2011)).

Plaintiff seeks $313,361.50 plus interest in attorneys' fees and $2,002.85 in costs. *See* ECF Nos. [91] at 1; [96] at 16–17. In its Response and at the Hearing, Defendant argues that even if the Court were to find that Plaintiff is entitled to attorneys' fees, the amount sought by Plaintiff should be reduced because, in part, some of the attorneys' fees are "recyclable" in that they pertain to work that will be necessary to the state court action. However, Defendant did not identify which of the fees sought by Plaintiff would fall into that category. Rather, Defendant seeks "an across-the-board reduction" such that Plaintiff only be "award[ed] five percent of Treasure Cay's requested attorney's fees" given that the hours claimed by Plaintiff are "voluminous and redundant[.]" ECF No. [97] at 15–16. Plaintiff maintains that the claimed hours are reasonable.

Plaintiff is not entitled, at this juncture, to attorneys' fees and costs for work that it would have done had the case not been removed to this Court. *See Henkel Corp.*, 2018 U.S. Dist. LEXIS 28216, *6 ("Courts have interpreted the 'incurred as a result' language to include expenses caused

15

by the improper removal, including those expenses incurred in remanding the case and the necessary expenses of being in the second judicial system . . . . Plaintiffs are only entitled to those additional attorney's fees and costs incurred by litigating in federal court as opposed to state court.") (emphasis removed); *Aslam v. 1100 W. Properties, L.L.C.,* 09-cv-20461, 2009 WL 10667850, at *2 (S.D. Fla. July 2, 2009), *report and recommendation adopted sub nom. Aslam v. 1100 W. Properties, LLC*, 09-cv-20461, 2009 WL 10669037 (S.D. Fla. July 29, 2009) ("The plaintiff is not entitled to reimbursement for hours spent in connection with the Motion to Dismiss as these are not fees associated with the removal of this action."); *Simrell v. Teva Pharmaceutica USA, Inc.,* No. 18-cv-00477, 2018 WL 10509889, at *1 (N.D. Ala. Nov. 6, 2018) ("Under § 1447 (c), the court may only award attorney fees and costs incurred as a result of removal and no other fees."). Indeed, "[a]n award under § 1447(c) is remedial, not punitive, and is designed to compensate the plaintiff when, in the court's discretion, justice so requires . . . . 'since the intent of § 1447(c) is to reimburse plaintiffs who have incurred expenses in attacking improper removals.'" *Fettner v. Reed*, No. 16-cv-81118, 2016 WL 4035006, at *4 (S.D. Fla. July 28, 2016) (quoting *Martyak v. Martyak*, 378 F. Supp. 2d 1365, 1369 (S.D. Fla. 2005), *aff'd,* 171 F. App'x. 768 (11th Cir. 2006)); *see also Simrell*, 2018 WL 10509889, at *2 ("But the loser on the removal issue should not be forced to bear the whole cost—only the cost and fees incurred as a result of wrongful or ill-advised removal.").

As such, the attorneys' fees and costs that Plaintiff is entitled to are those that were expended as a result of the improper removal, such that it is made whole for fees pertaining to the removal, only, as the merits will be litigated in state court. Plaintiff should thus not recover fees relating to work that would have been performed even if not removed. Unfortunately, the attorneys' fees and costs, as submitted, do not allow the Court to decipher what was related to the

16

removal. Accordingly, the undersigned therefore **RECOMMENDS** that Plaintiff be ordered to either file its renewed motion for attorneys' fees and costs within thirty days of the conclusion of the state court action **or** to resubmit those attorneys' fees and costs that relate to the removal within thirty days of the District Court's order on this Report and Recommendation.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Fees, ECF No. [96], and Bill of Costs, ECF No. [91], be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned **RECOMMENDS** that the Court find that Plaintiff is entitled to fees pursuant to 28 U.S.C. § 1447(c), and that Plaintiff be ordered to submit a renewed motion for attorneys' fees and costs that sets forth a reasonable amount of attorneys' fees and costs based on the considerations set forth in this Report and Recommendation.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on January 13, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**